**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| TRACY PERKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:11CV00072 ERW |
| | ) | |
| JOHN WILSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Tracy Perkins's Motion in Limine [ECF No. 93], Defendant John Wilson, Sr.'s Motion in Limine [ECF No. 138], and Defendant John Wilson, Sr.'s Objections to Plaintiff's Designations [ECF No. 137].

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

In 2006, Plaintiff Tracy Perkins was an inmate in the custody of the Missouri Department of Corrections (DOC) at the Women's Eastern Reception, Diagnostic and Correctional Center (WERDCC) in Vandalia, Missouri.  During this time, Plaintiff accepted a position working in the laundry facility.  Defendant John Wilson, Sr. was a DOC employee and the manager of the laundry facility.  Plaintiff has testified, during this time, Defendant Wilson conversed with her, and eventually began touching and kissing her.[1]

Plaintiff alleges, in October 2006, Defendant Wilson entered the laundry bathroom while Plaintiff was present and locked the door behind her.  Plaintiff contends Defendant Wilson proceeded to have nonconsensual sexual intercourse with her.  She further alleges, shortly afterward, she went to Defendant Wilson's office with him.  While there, another prison official,

---

[1] The parties dispute whether Plaintiff was a willing participant in these interactions.

Michelle Shoemeyer, walked into the office and became suspicious, prompting an investigation and Plaintiff's ensuing removal to administrative segregation. In the Circuit Court of Audrain County, Missouri, a jury subsequently found Defendant Wilson guilty of the class D felony of sexual contact with a prisoner or offender, in violation of Missouri Revised Statute § 566.145. After his conviction, the DOC terminated Defendant Wilson's employment.

In 2011, Plaintiff brought suit against the following individuals: Defendant Wilson; Larry Crawford, the Director of the Missouri Department of Corrections (DOC) at the time of the underlying events; George Lombardi, the current DOC Director; and Patricia Cornell, the warden of WERDCC from 1999 to 2004. Pursuant to 42 U.S.C. § 1983, Plaintiff alleges Defendant Wilson violated her Eighth Amendment right to freedom from cruel and unusual punishment. Plaintiff also asserts against Defendant Wilson a Missouri state law claim of outrageous conduct. Furthermore, Plaintiff's Complaint also asserted § 1983 claims against Defendants Crawford, Lombardi, and Cornell, claiming they failed to adequately train WERDCC employees, failed to protect her, and failed to use adequate procedures.

On April 18, 2104, Defendant Wilson filed a Motion for Summary Judgment [ECF No. 72]. On week later, Defendant Wilson filed his Motion to Exclude the Testimony and Report of Marilyn Hutchinson [ECF No. 74]. On May 16, 2014, Plaintiff filed her Motion for Summary Judgment as to Defendant John Wilson, Sr. [ECF No. 84], and also filed her pending Motion in Limine soon afterward, on May 22 [ECF No. 93]. On May 27, Defendants Cornell, Crawford, and Lombardi filed their Motion for Summary Judgment [ECF No. 94]. In July 2014, the Court denied Defendant Wilson's Motion for Summary Judgment [ECF No. 109] and granted *in part* Defendant Wilson's Motion to Exclude [ECF No. 110]. On August 6, 2014, the Court denied Plaintiff's Motion for Summary Judgment [ECF No. 116] and granted the summary judgment

Motion of Defendants Cornell, Crawford, and Lombardi [ECF No. 117]. Thus, Plaintiff's only remaining claims are the Eighth Amendment and outrageous conduct claims against Defendant Wilson (hereafter "Defendant").

On November 3, 2014, Defendant filed his Objections to Plaintiff's Designations [ECF No. 137] and his Motion in Limine [ECF No. 138].

On November 6, 2014, the Court conducted a pretrial conference to hear argument of the parties' pretrial motions [ECF No. 140]. At the conclusion of the proceedings, the Court took the motions under submission. After review of the parties' motions and memoranda and consideration of the parties' arguments, the Court rules as follows.

## II. RULINGS

### A. Plaintiff's Motion in Limine [ECF No. 93]

In this Motion, Plaintiff asks the Court for evidentiary rulings on five matters.

#### 1. Conversations with Attorneys Concerning Matters Related to this Lawsuit

Defendant does not oppose this portion of Plaintiff's Motion, and the parties agree the issue is now moot.

#### 2. Undisclosed Witnesses

Defendant does not oppose this portion of Plaintiff's Motion, and the parties agree the issue is now moot.

#### 3. Plaintiff's Prior Sexual History

The Court grants this portion of Plaintiff's Motion, in part. At the hearing, Defendant stated he has no interest in introducing evidence relating to Plaintiff's prior sexual history with anyone other than Defendant. Thus, Defendant is precluded from introducing evidence regarding Plaintiff's sexual history, except for her sexual history with Defendant.

### 4. Plaintiff's Consent

At this time, the Court grants this portion of Plaintiff's Motion. Until Defendant proves to the Court he should be allowed to present evidence showing both the alleged sex never occurred *and* the alleged sex was consensual, Defendant must abstain from using (or present evidence that uses) the word "consent" in this manner. To be able to mention "consent" to the jury in an attempt to prove Plaintiff had consensual sex with Defendant, Defendant must first be given permission by the Court.

### 5. Plaintiff's Prior Criminal History

The Court grants this portion of Plaintiff's Motion, in part. Defendant may not introduce evidence of or mention Plaintiff's prior criminal history *unless and until* Plaintiff testifies. If Plaintiff testifies, Defendant may introduce evidence of the Plaintiff's two felony convictions. The Court reserves judgment regarding the 1993 misdemeanor conviction until further argument is heard.

## B. Defendant's Motion in Limine [ECF No. 138]

In this Motion, Defendant asks the Court for evidentiary rulings on four matters.

### 1. Financial Disparity or Source of Awards for Damages

At the hearing, Plaintiff's counsel indicated it has no objection to this portion of Defendant's Motion, so long as Defendant does not attempt to discuss or claim a lack of financial resources on his part for purposes of paying an award to Plaintiff. To this extent, the parties agree this issue is now moot.

### 2. Missouri Department of Corrections Guidelines and Procedures

Plaintiff did not present any arguments or objections on this issue at the hearing, so the Court grants this portion of Defendant's Motion.

### 3.     Allegations of Defendant's Sexual Contact with Other Offenders

The Court grants Defendant's Motion, in part, to the extent Defendant objects to the introduction of the trial transcripts showing testimony of other offenders claiming to have had sex with Defendant.  Unless and until Plaintiff can show these witnesses are unavailable, evidence of their testimony (through trial transcripts) will be precluded.

### 4.     Other Civil Rights Suits or Other Complaints

Plaintiff did not present any arguments or objections on this issue at the hearing, so the Court grants this portion of Defendant's Motion.

### C.     Defendant's Objections to Plaintiff's Designations [ECF No. 137]

In this filing, Defendant makes three categories of objections: (1) objections to exhibits; (2) objections to witnesses; and (3) objections to deposition designations.  At the hearing, the Court determined Exhibits 2 and 3 (the depositions of Plaintiff and Defendant, respectively) could be used on cross-examination.  The Court reserves judgment on all remaining issues related to this filing until further argument is heard.  Thus, the majority of Defendant's objections are held in abeyance.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion in Limine [ECF No. 93] is **GRANTED, in part.**

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine [ECF No. 138] is **GRANTED, in part.**

**IT IS FURTHER ORDERED** that Defendant's Objections to Plaintiff's Designations [ECF No. 137] is **HELD IN ABEYANCE, in part.**

Dated this  7th  Day of November, 2014.

_E. Richard Webber_

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE